PER CURIAM:
 

 We affirm for the reasons set forth in the district court’s Memorandum and Order on Motions for Summary Judgment, annexed hereto as an Appendix. The appel-lee’s costs will be taxed equally against the two appellants, each of whom shall bear his own costs.
 

 AFFIRMED.
 

 
 *793
 
 APPENDIX
 

 MEMORANDUM AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT
 

 In the case above identified the Plaintiff, the Intervenor and the Defendant have each filed motions for summary judgment and briefs in support of their motions, and there is no controversy concerning facts material to a consideration of the motions, the motions being properly before the Court for consideration at this time.
 

 The Plaintiff, Pickett, was a motor carrier for hire and he contracted with Interve-nor, South Georgia Truck Brokers, Inc., to transport a cargo to a distant point. As required by Georgia law, he obtained insurance coverage from the Defendant Carolina Casualty Insurance Company, protecting the cargo. The cargo was lost and Pickett made claim against Carolina Casualty for the loss. Because of suspicious circumstances concerning the loss Carolina Casualty refused to make payment, whereupon Pickett filed this action. Soon thereafter Pickett filed a voluntary petition in bankruptcy, and, realizing that South Georgia Truck Brokers, Inc. could assert a claim against him for the loss of the cargo, he scheduled that indebtedness for discharge and it was eventually discharged as the result of the bankruptcy proceeding, whereupon South Georgia Truck Brokers, Inc. filed its intervention in this case, contending that Carolina Casualty was obligated to it under the terms of the insurance coverage. Carolina Casualty contends that since any claim which South Georgia Truck Brokers, Inc. might have had against Pickett was discharged in bankruptcy Pickett has suffered no loss, and that since South Georgia Truck Brokers, Inc. is barred from filing suit against Pickett, it cannot proceed against Carolina Casualty Insurance Company.
 

 It is the Court’s view that in the circumstances above outlined the motion for summary judgment filed by South Georgia Truck Brokers, Inc., the Intervenor, should be sustained for the reasons hereinafter set forth.
 

 Since Pickett, the Plaintiff, did not own the cargo, and no judgment can be obtained against him by virtue of its disappearance, he cannot be regarded as having sustained a loss, he has no basis for a claim against his insurer. On the other hand, South Georgia Truck Brokers, Inc., the Interve-nor, has been required to pay the owner of the cargo an amount in excess of $11,-000.00 because of the disappearance of the cargo and has sustained a loss in that amount, and under Georgia law South Georgia Truck Brokers, Inc. was clearly a beneficiary of the insurance coverage provided by the Defendant, Carolina Casualty Insurance Company, it being the entity which contracted with Pickett for the safe delivery of the cargo. While it is true that because of Pickett’s bankruptcy South Georgia Truck Brokers, Inc. cannot
 
 obtain a judgment
 
 against Pickett, this does not mean that it cannot proceed against Carolina Casualty Insurance Company because under Georgia law it is not necessary that the carrier be joined as a party. A beneficiary of the insurance required to be carried by the carrier can proceed directly against the insurer.
 

 If the Plaintiff should prevail in this litigation he would simply get a windfall, being under no obligation to turn the proceeds over to the owner of the cargo. If the Defendant should prevail it would get a windfall in that it would have received the premiums for the issuance of the coverage, but be under no obligation to compensate
 
 anyone
 
 for a loss clearly covered. If the Intervenor prevails the party who suffered the loss will be compensated and the result which must reasonably have been contemplated by the framers of the applicable law will be realized.
 

 Consistent with the foregoing, the Plaintiff’s motion for summary judgment is de-f nied, the Defendant’s motion for summary judgment is denied, and the Intervenor’s motion for summary judgment insofar as establishing the liability of the Defendant, Carolina Casualty Insurance Company, is granted, and judgment will be entered accordingly. This leaves unresolved the In-
 
 *794
 
 tervenor’s claim against the Defendant for alleged bad faith and attorney’s fees, but it is the Court’s view that the Defendant Insurance Company would not be liable for a bad faith penalty or attorney’s fees in the circumstances here presented because the company was clearly entitled to litigate the claims of the Plaintiff and the Intervenor.
 

 This 15th day of December, 1983.
 

 /s/ J. Robert Elliott
 

 UNITED STATES DISTRICT JUDGE